UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> *Defendant*. | Case No. 19-cv-2753 (RCL) |

## MEMORANDUM AND ORDER

On April 9, 2020, after defendant Federal Election Commission ("FEC") failed to defend this action, the Court entered default judgment for plaintiffs. ECF No. 9. Six months later—and without word from the FEC—the Department of Justice ("DOJ") filed a Statement of Interest in this matter pursuant to 28 U.S.C. § 517, which authorizes the DOJ to "attend to the interests of the United States in a suit pending in [federal court]." *See* ECF No. 11; 28 U.S.C. § 517. In its Statement of Interest, the DOJ argues that the Court should vacate its Order of default judgment because plaintiffs "have not alleged an injury sufficient to demonstrate standing." ECF No. 11 at 6, 14. Specifically, the DOJ claims that "the Commission's delay in acting on an administrative petition, is, standing alone, not an injury." *Id.* (citing *Common Cause v. FEC*, 108 F.3d 413, 419 (D.C. Cir. 1997)). And, the DOJ adds, "'a bare procedural violation divorced from any concrete harm' does not satisfy the injury-in-fact requirement of Article III." *Id.* at 6–7 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)).

The Court directed plaintiffs to respond to the DOJ's Statement of Interest, ECF No. 12, which they did on November 17, 2020, ECF No. 13. Plaintiffs argue that their standing is "not

1

based on delay alone" but rather "arises from the 'settled' law that deprivation of information to which [p]laintiffs are entitled constitutes [an] injury-in-fact under Article III." ECF No. 13 at 7 (quoting *Campaign Legal Center and Democracy 21 v. FEC*, 952 F.3d 352, 356 (D.C. Cir. 2020)).

Shortly thereafter, it came to the Court's attention that the FEC had been restored to a policymaking quorum. *See* Congressional Research Service, *Federal Election Commission: Membership and Policymaking Quorum, In Brief*, https://fas.org/sgp/crs/misc/R45160.pdf (updated Dec. 11, 2020). Accordingly, when the Court requested the DOJ to reply to plaintiffs' response, it asked that the DOJ address the effect of that development on this matter. ECF No. 14. Rather than doing so, however, the DOJ's reply simply states that "[s]hould the Commission seek to appear in this case, the Department would defer to the arguments and positions taken by the Commission." ECF No. 15 at 2. In their sur-reply, which the Court authorized, ECF No. 14, plaintiffs argue in part that the FEC's restoration to a quorum has no effect on this matter because the Court already entered default judgment. ECF No. 16 at 1.

Though the DOJ is not a party to this suit and thus cannot move to vacate the Court's Order entering default judgment for plaintiffs, the Court nevertheless finds it appropriate to address the argument set forth in the DOJ's Statement of Interest, ECF No. 11, and subsequent filings, ECF Nos. 13, 15 & 16. In short, the Court declines the DOJ's invitation to vacate the Order of default judgment for lack of standing, because the DOJ's position is foreclosed by well-established law.

In *FEC v. Akins*, the Supreme Court held that the denial of access to information is a cognizable injury when two conditions are met: First, the plaintiff credibly claims that the information sought would help voters evaluate candidates for public office and, second, on the plaintiff's view of the law, the Federal Election Campaign Act ("FECA") requires the information

sought to be made public. 524 U.S. 11, 21 (1998); *accord Campaign Legal Center and Democracy 21*, 952 F.3d at 356.

This "informational injury" is precisely the deprivation that plaintiffs allege here. *Akins*, 524 U.S. at 24. Plaintiffs filed an administrative complaint with the FEC claiming that certain individuals and entities violated FECA provisions requiring political committees to disclose the identities of their donors. Compl., ECF No. 1 at ¶¶ 15, 22–23. And they request access to this information, plaintiffs allege, to "educate voters regarding the integrity of public officials, candidates for public office, the electoral process, and our system of government." *Id.* at ¶ 5; *see also id.* ¶ 7 (explaining that "[p]ublicizing violations of the FECA and filing complaints with the FEC serve [plaintiffs'] mission of keeping the public, and voters in particular, informed about individuals and entities that violate campaign finance laws"). Plaintiffs thus plead a cognizable "informational injury." *Akins*, 524 U.S. at 24.

To argue that plaintiffs do *not* plead a cognizable injury, the DOJ relies primarily on *Common Cause v. FEC*, 108 F.3d 413 (D.C. Cir. 1997). *See* ECF No 11 at 11–13. But the D.C. Circuit decided *Common Cause* the year *before* the Supreme Court's ruling in *Akins*. And the DOJ's attempt to distinguish *Akins* on its facts is unpersuasive. The DOJ argues that unlike in *Akins*, where the Court "analyzed standing after the Commission *denied* an administrative complaint," plaintiffs "have not been denied any information" because they are still waiting for the FEC to act on their administrative complaint. ECF No. 15 at 4–5.

*Akins*, however, makes no such distinction. There, the Court explained the plaintiffs' injury as follows:

> The 'injury in fact' that [plaintiffs] have suffered consists of their inability obtain information—lists of [ ] donors, and campaign-related contributions and expenditures—that on [plaintiffs'] view of the law, [FECA] requires [be made] public. There is no reason to doubt their claim that the

3

information would help them (and others to whom they would communicate it to) to evaluate candidates for public office .... [Plaintiffs'] injury consequentially seems concrete and particular.

*Akins*, 524 U.S. at 21. In other words, the "concrete and particular" injury in *Akins* was the plaintiffs' inability to obtain information that they credibly believed they were entitled to under FECA. *See id.* Thus, so long as a party is unable to obtain such information, it does not matter whether the information is out of reach because the FEC denied the party's administrative complaint or because the FEC has yet to act. The DOJ's attempt to distinguish *Akins* is thus unpersuasive.

In sum, because plaintiffs allege a cognizable informational injury under *Akins*, the Court will not vacate its Order of default judgment for plaintiffs for lack of standing.

It is **SO ORDERED**.

Date: February 5, 2021

_____
Hon. Royce C. Lamberth
United States District Judge

4